COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:      Ronald Eugene Cockrell v. The State of Texas

Appellate case number:   01-17-00914-CR

Trial court case number:  15-DCR-069981

Trial court:                    400th District Court of Fort Bend County

On October 13, 2017, appellant, Ronald Eugene Cockrell, was convicted of the felony offense of aggravated robbery with a deadly weapon and sentenced to twelve years imprisonment. Appellant filed a motion to extend the time to file his notice of appeal and subsequently filed the notice of appeal on November 27, 2017. *See* TEX. R. APP. P. 26.2.

The clerk's record was filed on December 6, 2017, but the reporter's record has not been filed. On December 11, 2017, the Clerk of this Court notified appellant that the court reporter responsible for preparing the record in this appeal informed the Court that appellant had not made arrangements to pay for the record and this Court's records indicated that appellant is not appealing as indigent. *See* TEX. R. APP. P. 35.3(b). The Clerk further notified appellant that unless he caused the reporter's record to be filed in this Court, made arrangements to pay for the reporter's record, or provided proof that he is entitled to proceed without payment of costs by January 10, 2018, the Court might consider the appeal without a reporter's record. *See* TEX. R. APP. P. 37.3(c). Appellant did not respond and has not provided the Court with evidence showing that he has paid or made arrangements to pay the court reporter or caused a reporter's record to be filed in the Court.

The clerk's record contains an order granting a motion by appellant's retained counsel to withdraw from representing appellant in the appeal, but there is no indication as to whether substitute counsel has been retained or appointed. Thus, it is not clear who, if anyone, represents appellant in this appeal.

Accordingly, we abate the appeal and remand the cause to the trial court to conduct a hearing at which a representative of the Harris County District Attorney's Office shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.

We direct the trial court to:

1) Determine whether appellant still wishes to pursue this appeal;

2) Determine whether appellant is indigent, and

    a. if appellant is indigent, (i) appoint substitute appellate counsel at no cost to appellant; and (ii) order the court reporter to file the reporter's record in this case within 25 days of the date of this order, at no cost to appellant

    b. if appellant is not indigent, admonish appellant regarding the dangers and disadvantages of self-representation, and:

        i. determine whether appellant is knowingly and intelligently waiving his right to counsel; and

        ii. if so, obtain a written waiver of the right to counsel and provide appellant with a copy of a written order setting a date when appellant's *pro se* brief is due, regardless of whether this Court has yet reinstated the appeal and no later than 30 days from the date of the hearing; or

        iii. if appellant is not indigent and does not wish to proceed *pro se*, provide a deadline by which appellant must hire an attorney, which must be no more than 30 days from the date of the hearing;

3) Enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations; and

4) Make any other findings and recommendations the trial court deems appropriate.

*See* TEX. CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), (f); 26.04.

The court coordinator of the trial court shall set a hearing date no later than 30 days from the date of this order and notify the parties and the Clerk of this Court of such date. The trial court clerk is directed to file, within 30 days of the date of the hearing, a supplemental clerk's record containing the trial court's findings, recommendations, and any order made. *See* TEX. R. APP. P. 34.5(c). The court reporter is directed to file, within 30 days of the date of the hearing, the supplemental reporter's record of the hearing.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record of the hearing are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.


It is so ORDERED.


Judge's signature: /s/ Harvey Brown
                Acting individually


Date: February 22, 2018